**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| THE BURLINGTON INSURANCE COMPANY; | ) ) ) | |
| Plaintiff | ) ) | **CA No.: 2:26-cv-00586-DCN** |
| v. | ) ) | **DEFENDANT BLUE NOTE LLC's MOTION** |
| THE BLUE NOTE BISTRO, LLC AND TINA MILES | ) ) ) | **TO DISMISS** |
| Defendants. | ) ) ) | |

**TO THE HONORABLE COURT AND THE BURLINGTON INSURANCE COMPANY:**

**DEFENDANT BLUE NOTE, LLC**, by and through undersigned counsel, Vanisa Tamar Siler, Esq., who appears on Defendant Blue Note, LLC's behalf in this matter, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves for an order from this Court granting Defendant's Motion to Dismiss based on the following:

**INTRODUCTION**

I.    **Relationship Between the Parties**

At all times relevant, Plaintiff, The Burlington Insurance Company, provided commercial general liability insurance to Defendant, Blue Note, LLC. The Blue Note, LLC was a bar and restaurant operating in North Charleston, South Carolina. At all times relevant, Defendant Tina Miles was a patron at Blue Note, LLC when she suffered injuries on the premises. Subsequently, Defendant Tina Miles filed suit against Blue Note, LLC in the Charleston County Court of Common Pleas asserting she was entitled damages under theories of negligence, negligence *per*

1

*se*, and premises liability. An Order of Judgment was later issued against Blue Note, LLC by the Common Pleas court.

## II.     The Burlington Insurance Company's Denial of Insurance Coverage

Upon notice that Tina Miles was attempting to recover damages under the theories afore stated, Defendant Blue Note, LLC contacted its then liability carrier, The Burlington Insurance Company, to inform them of Tina Miles' claims. The Burlington Insurance Company denied coverage, citing an exclusion of coverage for injuries arising from assault, battery, and other physical confrontations. An excerpt from the relevant commercial liability policy issued to Blue Note LLC is below:

Tina Miles eventually obtained a default judgment against Blue Note, LLC. Subsequently, Blue Note, LLC assigned its beneficiary right to bring suit for insurance bad faith against The Burlington Insurance Company to Tina Miles. As a result, The Burlington Insurance Company filed a Complaint for Declaratory Judgment, praying for the following adjudgment: 1) it does not afford coverage to Defendant Blue Note, LLC for the incident to be detailed herein; 2) it was not required to defend Blue Note, LLC for claims related to the relevant incident; and 3) it is not required to indemnify Blue Note, LLC. The Burlington Insurance Company's basis for the adjudgment it seeks is the exclusion detailed in the preceding excerpt.

## III.     Defendant Blue Note's Position

Plaintiff is not entitled to declaratory judgment because first, it has failed to state a claim upon which relief can be granted and second, this court lacks jurisdiction due to parallel state court proceedings. Defendant Blue Note, LLC asserts The Burlington Insurance Company is not entitled to the relief sought because, considering both the factual assertions made in the lawsuit filed by

Tina Miles against Blue Note, LLC and the language of the relevant insurance agreement, the injuries suffered by Tina Miles did not arise from an assault, battery, or any other physical confrontation as defined in the relevant insurance policy. Given Tina Miles's injuries arose from a slip and fall that occurred on the premises, liability coverage should not have been denied and thus, declaratory judgment stating otherwise will be improper.

## STATEMENT OF FACTS

### A. Tina Miles's Lawsuit Against Blue Note, LLC

On May 23, 2023, Defendant Tina Miles (hereinafter "Ms. Miles"), a patron at Blue Note Bistro LLC, located at 7550 Dorchester Rd. Units G-N, Charleston, SC, suffered bodily injuries resulting from a slip and fall on the premises. It has been asserted that the injuries she suffered was a result of a firearm being discharged on the premises, however, such does not appear to be the case.

On July 13, 2023, Ms. Miles filed suit against Defendant Blue Note LLC in the Charleston County Court of Common Pleas, pursuing three causes of action: negligence, negligence *per se*, and premises liability (*Tina Miles v. Blue Note Bistro, et al.* Case No. 2023CP1001322, hereinafter "Miles Lawsuit"). **EXHIBIT A.** As a preliminary matter, the details surrounding exactly what happened the evening in question are scarce. Pictured below, the Miles Lawsuit did not go into great detail specific to Ms. Miles and her injury. Of the excerpts from the Miles Lawsuit pictured below, only four (4) of the Paragraphs in the Miles Lawsuit are specific to what happened to Ms. Miles the evening in question:

3

**[THIS SPACE LEFT INTENTIONALLY BLANK]**

14.    On the night of the incident giving rise to this lawsuit, Plaintiff was with her niece, celebrating her niece's birthday.

15.    The floor inside the premises was slick from lack of cleaning and spilled drinks.

16.    The premises was overcrowded with patrons that night.

17.    On the night of the incident, another armed guest was allowed onto the premises.

18.    The armed fired a weapon.

19.    The crowd inside the premises surged towards the back door.

20.    The back door was locked at the time, and no one could exit to safety.

21.    The surging crowd and slick floor caused Plaintiff to slip and fall down.

22.    Plaintiff was injured as a result of the fall.

23.    Plaintiff, an innocent bystander, was also struck by a bullet.

Paragraphs twenty-one (21) through twenty-three (23) are notable. Therein, it was asserted that "[t]he surging crowd and slick floor caused Plaintiff to slip and fall down", that "[Ms. Miles] was injured as a result of the fall." and finally, that Ms. Miles "was also struck by a bullet." However, none of the following was specified in Ms. Miles lawsuit, let alone merely suggested in the pleadings: 1) that there were any acts committed by the "surging crowd" against Ms. Miles specifically that caused her to slip then fall on the floor of the premises; 2) that Ms. Miles was a member of the "surging crowd"; 3) that Ms. Miles was the person whom the armed assailant either attempted or threatened to inflict injury upon; 4) Ms. Miles feared or expected immediate bodily harm; 5) that Ms. Miles engaged in any physical confrontation with anyone; 6) that Ms. Miles was

4

aware of any impending or ongoing threat, to include the threat of suffering from gunshot wounds; and 7) that any physical contact took place between Ms. Miles and any other person.

As explained further below, the absence of the aforementioned is pertinent considering the language of the insurance agreement.

**B.  The Language of the Insurance Agreement**

The following is an excerpt, entitled "Exclusion – Assault, Battery, or Other Physical Altercation", from the insurance agreement between The Burlington Insurance Company (hereinafter "TBIC") and Blue Note, LLC (hereinafter "Blue Note")

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Paragraph **D.** of this endorsement replaces exclusion **a.** of **2. Exclusions** in **Section I - Coverage A - Bodily Injury and Property Damage** under the Commercial General Liability Coverage Form.

B. Paragraph **E.** of this endorsement is added to **2. Exclusions** of **Section I - Coverage B - Personal and Advertising Injury Liability** under the Commercial General Liability Coverage Form.

C. When the Miscellaneous Professional Liability Coverage endorsement is attached, Paragraph **F.** of this endorsement is added to Paragraph **2. Exclusions** under the **Miscellaneous Professional Liability** Coverage endorsement.

D. This insurance does not apply to:

  a. **Assault, Battery Or Other Physical Altercation**

  "Bodily injury" or "property damage":

  (1) Expected or intended from the standpoint of any insured.

  (2) Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.

  (3) Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."

  (4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

E. This insurance does not apply to:

  z. **Assault, Battery Or Other Physical Altercation**

  "Personal and advertising injury":

  (1) Expected or intended from the standpoint of any insured.

(2) Arising in whole or in part out of any "assault" or "battery" committed or attempted by any person.

(3) Arising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened "assault" or "battery."

(4) Arising in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation.

F. This insurance does not apply to:

**Assault, Battery Or Other Physical Altercation**

Any "damages" arising out of any actual, alleged or threatened "assault" or "battery".

G. The exclusions added in paragraphs D, E and F of this endorsement apply to all acts or omissions, including any act or omission in responding to or failing to respond or render aid, medical or otherwise, to any victim of the "assault" or "battery" or physical confrontation or altercation, and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence, gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.

H. The following are added to the **Definitions** Section of this policy:

"Assault" means any attempt or threat to inflict injury upon the person of another, or any display of force such as would give a person reason to fear or expect immediate bodily harm.

"Battery" means physical contact with a person without his or her consent that entails some injury or offensive touching.

**All other terms and conditions of this Policy remain unchanged.**

5

Based upon the factual assertions in the Miles Lawsuit, Ms. Miles's injuries did not "aris[e] in whole or in part out of any "assault" or battery committed or committed or attempted by any person". Per the Miles Lawsuit, Ms. Miles "[t]he surging crowd and slick floor caused Plaintiff to slip and fall down". Conceding that the surging crowd alone arose from any assault or battery, it does not appear that Ms. Miles was a member of the surging crowd. Without any factual representations indicating that Ms. Miles was either near or a member of the surging crowd, the mere presence of a surging crowd is not enough to assert that said crowd was the reason why Ms. Miles fell, then suffered injuries.

Considering the allegations set forth in the Miles Lawsuit, it is undeniably important to know both where Ms. Miles was located within the venue at the time she fell and her proximity to the surging crowd. The Miles Lawsuit asserted that "[t]he crowd inside the premises surged towards the back door". However, if Ms. Miles was positioned near the front door in a corner furthest away from the back door, it is unlikely that Ms. Miles was a part of the surging crowd. It would also be unlikely that the surging crowd would make any physical contact with Ms. Miles. However, a slick floor does not require the presence of a surging crowd to cause someone to slip, then fall. Just one step forward or backward on a slick floor can cause someone to slip, then fall without any crowd. Ms. Miles could have been the only individual occupying the premises and still could have slipped and fell due to the condition of the floor. Therefore, based upon the factual assertions in the Miles Lawsuit, Ms. Miles's injuries did not arise in whole or in part from any assault of battery committed or attempted to be committed. Ms. Miles's injuries arose from slipping, then falling.

Based upon the factual assertions in the Miles Lawsuit, Ms. Miles's injuries did not "aris[e] in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing

or halting any actual or threatened "assault" or "battery"". Preliminarily, it must be noted that nothing in the Miles Lawsuit indicated that Ms. Miles was even aware that a firearm had been discharged in the premises. Considering the presence of loud music, it is possible that Ms. Miles had no idea that there was any present potential for her to be harmed. This matters because for one to attempt to "avoid, prevent, suppress, or halt" an assault or battery from happening, one must first be aware of the potential for an assault or battery to even happen. The Miles Lawsuit did not indicate that Ms. Miles herself attempted to exit the building along with the surging crowd. The Miles Lawsuit did not indicate that Ms. Miles was a member of the surging crowd. Nothing in the Miles Lawsuit indicates that Ms. Miles attempted in any way to "avoid, prevent, suppress, or halt" any assault or battery. The Miles Lawsuit indicates that others, "the surging crowd", did. However, what did Ms. Miles do? She slipped and fell on the slick floor; that's what we *know* she did based upon the factual assertions in the Miles Lawsuit. Therefore, Ms. Miles's injuries did not arise from attempting to avoid in any way an assault or battery. Her injuries arose from slipping, then falling.

Based upon the factual assertions in the Miles Lawsuit, Ms. Miles's injuries did not "aris[e] in whole or in part out of any actual or threatened verbal or physical confrontation or altercation committed or act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened verbal or physical confrontation or altercation". Considering here that the incident involves the discharge of a firearm, it is clear that Ms. Miles's injuries did not arise in whole or in part out of any actual or threatened verbal or physical confrontation or altercation because it is not asserted in the Miles Lawsuit that Ms. Miles exchanged any words with the alleged gunman, nor does it allege that she was anywhere near the alleged gunman to even have the opportunity to engage in a physical altercation or confrontation with the alleged gunman.

7

Therefore, Ms. Miles injuries did not arise from any actual or threatened verbal or physical confrontation or altercation. Her injuries arose from slipping, then falling.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. To survive such a motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Conclusory allegations or legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In the context of a declaratory judgment action, the plaintiff must plead facts demonstrating the existence of an actual controversy and the appropriateness of declaratory relief. 28 USCS § 2201. Further, in the context of a declaratory judgment action, whether the action is duplicative of other claims or proceedings, particularly if there is a parallel state court proceeding addressing the same issues. *Albert-Sheridan v. State Bar (In re Albert-Sheridan)*, 658 B.R. 516 (2024). If there is a parallel state court proceeding involving the same parties and issues, federal courts should decline to exercise jurisdiction over a declaratory judgment action to avoid duplicative litigation, forum shopping, and unnecessary resolution of state law issues. In such cases, dismissal is appropriate even if the federal and state actions do not involve identical issues, as long as there are significant overlapping issues.

Here, TBIC has failed to state a claim that is plausible on its face. The language of its insurance agreement as cited in its pleadings along with the assertions detailed in the Miles Lawsuit TBIC itself used as the basis for its denial of coverage indicates that coverage should not have been denied. The factual assertions explicitly indicated that Ms. Miles suffered injuries as a result of slipping, then falling on the wet floor of the relevant premises. Nothing in the Miles Lawsuit

8

explicitly indicated that Ms. Miles injuries' arose in any way from an alleged assault and battery that happened to occur there while Ms. Miles was a patron.

Additionally, it would not be proper for the federal court to assume jurisdiction over this matter. First, all relevant proceedings regarding this incident and all parties involved hereto were heard in the Charleston County Court of Common Pleas, including the judgment TBIC is attempting to avoid providing coverage for by filing this action. Second, on February 12, 2026, Tina Miles filed suit in Charleston County Court of Common Pleas seeking declaratory adjudgment that TBIC recognize coverage in favor of Ms. Miles, and that said coverage relates back to the Judgment Order date regarding the Miles Lawsuit, among other things. Based upon the relief being sought by Ms. Miles in state court, there lies a significant overlap in the issues. As such, Defendant Blue Note respectfully asserts that dismissal of TBIC's Complaint for Declaratory Judgment is the only proper course of action.

**WHEREFORE**, Defendant Blue Note LLC respectfully requests this Court issue an Order declining to assume jurisdiction over the matter herein, remanding it back to State Court, and in the alternative, dismiss this action for failure to state a claim upon which relief can be granted.

**[SIGNATURE PAGE FOLLOWS]**

Respectfully Submitted,

**SILER LAW FIRM, LLC**

VANISA SILER BROWN, ESQUIRE
Fed. Bar No.: 13425
1318 N. Main St. # 1353
Summerville, SC 29483
Office: (843)887-8877
Mobile: (843) 597-0494
Fax: (843)
attorney@thesilerfirm.com
*Attorney for the Plaintiff*

**Dated this 16th day of March, 2026
in Summerville, South Carolina**

10