**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| THE BURLINGTON INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:26-cv-00586-DCN |
| vs. | ) ) | **ORDER** |
| THE BLUE NOTE BISTRO, LLC, and TINA MILES, | ) ) ) | |
| Defendants. | ) ) ) | |

The following matter is before the court on defendant The Blue Note Bistro, LLC's ("Blue Note") motion to dismiss for lack of jurisdiction and failure to state claim, ECF No. 7. For the reasons set forth below, the court denies Blue Note's motion to dismiss.

## I.  BACKGROUND

This declaratory judgment action arises from a dispute concerning insurance coverage. ECF No. 1, Compl. ¶ 1. Plaintiff The Burlington Insurance Company ("Burlington") is an insurance carrier incorporated in Illinois, with its principal place of business in Connecticut. Id. ¶ 4. Blue Note was a restaurant and bar operated in North Charleston and organized as a South Carolina limited liability company. Id. ¶¶ 5, 7. Defendant Tina Miles ("Miles") is a resident and citizen of Charleston, South Carolina. Id. ¶ 6.

Burlington issued Blue Note a commercial insurance policy, Policy No. 625B002593 (the "Policy"), containing coverage parts for both commercial general

liability and liquor liability.  Id. ¶¶ 22–23.  The Policy was effective from August 21, 2021 to August 21, 2022.  Id.

On or about May 23, 2022, Miles was injured in a shooting that occurred on Blue Note's premises.  Id. ¶ 8.  Miles filed suit against Blue Note in state court on March 17, 2023, asserting claims for injuries she suffered as a result of the shooting (the "underlying action").  Id. ¶ 12; Miles v. The Blue Note Bistro, LLC et al., 2023-CP-10-01322 (Charleston Cnty. Ct. C.P. March 17, 2023).  In the underlying action, Miles alleged that the shooting occurred after an armed, intoxicated patron sought retaliation after an argument with a Blue Note employee and was the result of Blue Note fostering and inviting criminal activity within its premises.  Id. ¶¶ 13–14, 18.  She pled that she sustained a gunshot wound after a slip and fall caused by the surging crowd attempting to escape the line of fire through Blue Note's locked exits.  Id. ¶¶ 15–16.

Burlington denied coverage to Blue Note for Miles's claims in the underlying action.  Id. ¶ 25.  It cited the Policy's "assault and battery" exception that bars coverage for injuries occurring on the premises that arose wholly or in part from an actual or attempted assault, battery, or physical altercation.  Id.  Blue Note failed to respond to the complaint in the underlying action.  Id. ¶ 26.  As a result, the Charleston County Court of Common Pleas entered a default judgment against Blue Note, awarding Miles damages of $295,311.92.  Id.  Burlington seeks a declaratory judgment of the rights, duties, and obligations under the Policy in regard to the claims and damages judgment against Blue Note in the underlying action.  Id. ¶ 28.

Miles filed her own declaratory judgment action in state court on February 12, 2026 (the "second-filed coverage action"), seeking a determination of whether the Policy

extends coverage for her injuries in the underlying action.  <u>Miles v. The Blue Note Bistro, LLC et al.</u>, 2023-CP-10-01322 (Charleston Cnty. Ct. C.P. March 17, 2023).  The second-filed coverage action was removed to this court on March 10, 2026.  <u>See</u> <u>Miles v. The Burlington Ins. Co.</u>, Case No. 2:26-cv-01031-DCN.

Burlington filed this action on February 11, 2026, asserting a cause of action under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 <u>et</u> <u>seq.</u>  ECF No. 1, Compl. ¶¶ 29–35.  On March 16, 2026, Blue Note filed a motion to dismiss for lack of jurisdiction and failure to state a claim.  ECF No. 7.  Burlington responded in opposition on April 13, 2026.  ECF No. 13.  As such, the motion is fully briefed and now ripe for the court's review.

## II.  STANDARD

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are not courts of general jurisdiction; they are only able to adjudicate suits where jurisdiction is authorized under Article III of the Constitution or statutes enacted by Congress pursuant to Article III.  <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986).  This jurisdictional requirement is known as subject-matter jurisdiction.  <u>See</u> <u>Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.</u>, 369 F.3d 385, 390 (4th Cir. 2004).  Without subject-matter jurisdiction, a federal court lacks the "statutory or constitutional <u>power</u> to adjudicate the case."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 89 (1998) (emphasis in original).  As such, "there is no presumption that the court has jurisdiction."  <u>Pinkley, Inc. v. City of Frederick</u>, 191 F.3d 394, 399 (4th Cir. 1999) (citing <u>Lehigh Mining & Mfg. Co. v. Kelly</u>, 160 U.S. 327, 327 (1895)).

3

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge whether a federal court has subject-matter jurisdiction to adjudicate the claims before it. Fed. R. Civ. P. 12(b)(1). The non-movant bears the burden of establishing subject-matter jurisdiction. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When the movant challenges the factual sufficiency of the complaint, "the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009). Conversely, when the movant challenges the factual veracity of the complaint's jurisdictional allegations, "the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." Id.

**B. Motion to Dismiss for Failure to State a Claim**

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, Rule 8 requires a complaint to contain: (1) "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Moreover, under Rule 8(d), "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   DISCUSSION

Blue Note moves to dismiss Burlington's declaratory judgment cause of action for lack of jurisdiction and failure to state a claim. ECF No. 7. First, it appears to argue that the court lacks subject matter jurisdiction (or, alternatively, should abstain) because the underlying case and Miles's second-filed coverage action are parallel state court cases. Id. at 9. Second, it contends that Burlington wrongfully denied coverage by addressing the merits of the declaratory judgment claim rather than addressing whether Burlington has plausibly stated a claim for relief. See id. at 6–8. The court takes each ground for dismissal asserted by Blue Note in turn.

#### A.  The Court Has Subject Matter Jurisdiction

Blue Note argues that "it would not be proper for federal court to assume jurisdiction over this matter" because the underlying action was litigated in state court. ECF No. 7 at 9. Further, it asserts that there is "significant overlap in the issues" in the underlying action and Miles's second-filed coverage action. Id. Because Blue Note's motion does not contain citation to legal authority or substantive analysis for its challenge

to the court's subject matter jurisdiction, it appears that its position is that the court should abstain in the instant case in favor of the second-filed coverage action. See id.

The DJA states:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). In the context of declaratory judgment actions, the Supreme Court concluded in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494–95 (1942), and later in Wilton, 515 U.S. at 288, that a district court's substantial discretion permits it to stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case.[1] Such discretion, however, "is not unbounded," and a district court may refuse to entertain a declaratory judgment action only "for good reason." Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir. 1994) (internal quotation marks omitted) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir.

---

[1] District courts in this circuit have characterized the court's exercise of discretion pursuant to Wilton and Brillhart as falling under the broader rubric of "abstention" doctrine. See, e.g., U.S. Liability Ins. Co. v. Krawtasky, 2022 WL 888885, at *9 n.5 (D. Md. Mar. 25, 2022); Nautilus Ins. Co. v. 200 West Cherry Street, LLC, 383 F. Supp. 3d 494, 505 (D. Md. 2019). In determining whether abstention is proper, courts often state the inquiry in terms of "declin[ing] jurisdiction." See e.g., 200 West Cherry Street, LLC, 383 F. Supp. 3d at 505 (quoting Myles Lumber Co. v. CAN Fin. Corp., 233 F.3d 821, 823 (4th Cir. 2000)). Accordingly, the court uses the terms "abstain" and "declines jurisdiction" interchangeably. See U.S. Liability Ins. Co., 2022 WL 888885, at *9 n.5.

6

1937)), overruled in part on other grounds by Centennial Life Ins. Co. v. Poston, 88 F.3d 255 (4th Cir. 1996).

The court finds that a stay, abstention, or dismissal is not warranted. The court possesses subject matter jurisdiction over the instant case pursuant to 28 U.S.C. §§ 1332(a)(1) and (c). See Stephens v. HSBC Mortg. Servs., Inc., 2013 WL 12107420, at *1 (D.S.C. June 24, 2013), aff'd, 565 F. App'x 238 (4th Cir. 2014) ("Under section 1332 (a)(1), of course, federal jurisdiction exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs."). In the instant case, there is complete diversity of citizenship among the parties because Burlington is a citizen of Illinois and Connecticut, while each defendant, Blue Note and Miles, are citizens of South Carolina. Compl. ¶¶ 4–6. The amount in controversy exceeds the jurisdictional threshold because Burlington seeks a declaration concerning coverage under the Policy for the $295,311.92 default judgment entered against Blue Note by the Charleston County Court of Common Pleas for Miles's injuries. Id. ¶¶ 2, 26–28. Further, neither the underlying action nor the second-filed coverage action are an "ongoing state court case." See Wilton, 515 U.S. at 288. The only remaining issue in the underlying action is payment of the default judgment by Blue Note, and Miles's second-filed coverage action is now pending in federal court after removal. See ECF Nos. 7 at 2; 13 at 30.

Because the court has subject matter jurisdiction over the instant case and no "ongoing state court case" warrants a discretionary stay or abstention, the court denies

Blue Note's motion to dismiss for lack of jurisdiction.[2]  See Brillhart, 316 U.S. at 494–95; Wilton, 515 U.S. at 288.

### B.  Burlington Has Stated a Claim for Declaratory Relief

Blue Note seeks dismissal of Burlington's declaratory judgment claim, arguing that Burlington has failed to state a claim for relief.  ECF No. 7 at 9.  It asserts that Burlington's claim is not plausible because "the language of [the policy]" and "the assertions detailed in the [underlying action]" demonstrate that Burlington wrongfully denied Blue Note coverage for Miles's injuries.  Id. at 8.  Indeed, Blue Note's motion to dismiss improperly concerns the merits, not the plausibility, of Burlington's declaratory judgment claim.  See id. at 3–9.

The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'"  Wilton, 515 U.S. at  287 (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).  Courts have long interpreted the Act's permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases."  United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998).  "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when

---

[2] The court does not analyze the four factors set forth in Nautilus Ins. Co. v. Winchester Homes, Inc. for two independent reasons.  First, courts engage the Nautilus factors to determine whether to hear a declaratory judgment action when an insurer comes to federal court seeking declaratory relief on coverage issues while the underlying tort action is pending in state court.  Nautilus, 15 F.3d at 376.  Second, Blue Note fails to reference the Nautilus factors, see ECF No. 7 at 1–10, and it does not assert an argument concerning the state's interest; efficiency; entanglement between the federal and state court systems; or procedural fencing, see Nautilus, 15 F.3d at 376.

it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

When evaluating a motion to dismiss an action for a declaratory judgment, courts in this circuit have advised that:

> Where a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which the court may exercise its declaratory power, it is immaterial that the ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree.

Brown-Thomas v. Hynie, 412 F. Supp. 3d 600, 605 (D.S.C. 2019) (emphasis added) (quoting Palmer v. Audi of Am., Inc., 2015 WL 222127, at *2 (D. Md. Jan. 13, 2015)). It is well established that "a motion to dismiss 'is rarely appropriate in a declaratory judgment action.'" Id. (quoting Palmer, 2015 WL 222127, at *2).

The Fourth Circuit has identified three elements to determine whether a plaintiff has stated a claim under the DJA. First, the complaint must allege "an actual controversy between the parties of sufficient reality to warrant issuance of a declaratory judgment." Volvo Const. Equip. North America, Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004) (cleaned up) (citations omitted). Second, there must be an independent basis for jurisdiction. Id. Third, the court cannot abuse its discretion in exercising jurisdiction. Id.

As to the first element, there is an actual controversy between Burlington, Blue Note, and Miles. To state a "case or controversy," a plaintiff must establish a dispute that is "definite and concrete, touching the legal relations of parties with adverse interests."

9

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).  Stated differently, "the basic question is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  Brown-Thomas v. Hynie, 412 F. Supp. 3d at 605 (quoting MedImmune, Inc., 549 U.S. at 127).  In the instant case, Burlington, Blue Note, and Miles have adverse legal interests because each party disputes whether it was proper for Burlington to deny coverage under the Blue Note for Miles's injuries.  See Compl. ¶¶ 29–35.  Burlington seeks a declaration of the parties' rights and obligations under the Policy, including whether the Policy provided coverage for the claims and damages in the underlying action and whether Burlington had a duty to defend or indemnify Blue Note.  Id. ¶¶ 31–33.  The controversy is "of sufficient immediacy and reality" because a declaration of this court will determine whether Burlington or Blue Note is financially liable for satisfying the default judgment entered in the underlying action.  See id. ¶ 35.

Next, the court possesses subject matter jurisdiction over Burlington's declaratory judgment action pursuant to 28 U.S.C. §§ 1332(a)(1) and (c).  See supra p. 7.

Finally, it is not an abuse of discretion for the court to exercise jurisdiction over the instant case.  See Volvo, 386 F.3d at 592; Brown-Thomas, 412 F. Supp. 3d at 611.  To determine whether discretion is being appropriately exercised, the court balances several factors: "(1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue; (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding; (3) considerations of federalism, efficiency, and comity; and (4) whether the declaratory judgment action is

merely being used . . . for procedural fencing." Kettler Int'l, Inc. v. Starbucks Corp., 55 F. Supp. 3d 839, 848 (E.D. Va. 2014) (quoting Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 422-23 (4th Cir. 1998)).

Each factor weighs in favor of the court's exercise of jurisdiction. Burlington's declaratory judgment claim is "useful purpose in clarifying legal relations" between the parties under the Policy and their obligations concerning the underlying action. See Brown-Thomas, 412 F. Supp. 3d at 611. Here, Burlington alleges that it properly denied coverage to Blue Note for Miles's injuries under the Policy's assault and battery exception. See Compl. ¶ 33. Likewise, it contends that it did not have a duty to defend or indemnify Blue Note in the underlying action, particularly for the default judgment against Blue Note. See id., ECF No. 13 at 12–23. Such a declaration would provide clarity as to the extent of the Policy's coverage, whether coverage was properly denied, and determine who is to compensate Miles. See Volvo, 386 F.3d at 592. At this stage, concerns of federalism, comity, and procedural fencing are non-issues because state court litigation of the underlying action has concluded and a default judgment has been entered. See Huffman v. Pursue, Ltd., 420 U.S. 592, 602–03 (1975) ("[T]he relevant principles of equity, comity, and federalism have little force in the absence of a pending state proceeding.").

Because Burlington has satisfied all three Volvo elements, it has pled sufficient facts to state a plausible claim for declaratory relief. See Volvo, 386 F.3d at 592; Brown-Thomas, 412 F. Supp. 3d at 605. As such, the court denies Blue Note's motion to dismiss for failure to state a claim.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** Blue Note's motion to dismiss for lack of jurisdiction and failure to state a claim.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 30, 2026**
**Charleston, South Carolina**